**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF ) | No. CV 10-1918-PHX-JAT |
| ) | |
| Fort Defiance Housing Corporation, ) | BK No. 2:05-BK-04534-PHX-RTB |
| ) | |
| Debtor. ) | ADV. No. 2:06-AP-00911-RTB |
| _____ ) | |
| Lodgebuilder, Inc., William Aubrey,) Brenda Todd, ) | BAP No. – N/A |
| ) | **ORDER** |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Brenda Moody Whinery, ) | |
| ) | |
| Appellee. ) | |
| ) | |
| _____ ) | |

On October 26, 2010, Appellants William Aubrey ("Aubrey") and Brenda Todd ("Todd")[1] filed an opening brief (Doc. 8), appealing the August 26, 2010 decision of the United States Bankruptcy Court for the District of Arizona ("Trial Court"), which denied their "Rule 60 Motion."[2] (Doc. 1 at 19). Appellee Brenda Moody Whinery filed her

---

[1] Appellants Aubrey and Todd appear *pro se* and are the only parties to this appeal. Lodgebuilder, Inc. is not a party to this appeal.

[2] The Trial Court noted that Aubrey and Todd's motion to the Trial Court was entitled "Joint Expedited Motion for Dismissal of Judgment" and requested relief under Fed.R.Civ.P. Rule 60. (Doc. 1 at 19). The motion to the Trial Court will be referred to herein as the "Rule 60 Motion" and Appellants' appeal to this Court will be referred to herein as the "Appeal."

Answering Brief ("Answer") on November 5, 2010. (Doc. 11). Appellants filed their reply to the Answer ("Reply") on November 18, 2010. (Doc. 12). The Court now issues the following Order.

## I. PROCEDURAL BACKGROUND

On February 11, 2009, upon the conclusion of nine days of trial, testimony from numerous witnesses, and more than 500 exhibits, the Trial Court issued 109 Findings of Fact and 21 Conclusions of Law with respect to the adversary proceeding against Appellants. (Doc. 11 App. 3). Based on these Findings of Fact and Conclusions of Law the Trial Court entered judgment against Appellants on March 9, 2009. (Doc. 1 at 19). On March 19, 2009, Appellants filed their first appeal to this Court and appealed the final judgment of the Trial Court. (Doc. 8 at 7).

While their appeal from final judgment was pending, on September 16, 2009, Appellants filed their first Rule 60 motion in the Trial Court, requesting relief from judgment. *In re Fort Defiance Hous. Corp.*, No. CV 09-02280, 2009 WL 4348802, at *1 (D. Ariz. Mar. 22, 2010). On September 23, 2010, the Trial Court denied this motion, ruling that it lacked jurisdiction to consider the Rule 60 motion in accordance with the Federal Rules of Civil Procedure because of the pending appeal. *Id.* In the Trial Court, on September 29, 2009, Appellants filed a "Motion for Expedited Reconsideration" of that court's denial of their first Rule 60 motion. *Id.* On October 19, 2009, the Trial Court acknowledged that under Ninth Circuit law while an appeal is pending, a party seeking to dismiss the order being appealed under Rule 60 may ask the trial court to indicate whether it would entertain or grant the motion to dismiss under Rule 60(b). *Id.* (internal citations omitted). The Trial Court, however, found that Appellants' first Rule 60 motion, did not contain any evidence which would cause the Trial Court to change its decision in their adversary case, and the court denied Appellants' motion to reconsider. *Id.* (internal citations omitted). Appellants appealed this decision by the Trial Court in their second appeal to this Court on October 27, 2009. *Id.*

On November 24, 2009, this Court denied Appellants' first appeal, pertaining to the

1 final judgment of the Trial Court, and affirmed that court's holding against Appellants. *In re Fort Defiance Hous. Corp.*, No. CV 09-644, 2009 WL 4348802, at *2 (D. Ariz. Nov. 25, 2009). On March 22, 2010, this Court dismissed Appellants' second appeal, pertaining to the Trial Court's denial of their first Rule 60 motion. *In re Fort Defiance Hous. Corp.*, No. CV 09-02280, 2009 WL 4348802, at *2 (D. Ariz. Mar. 22, 2010). This Court found that the Trial Court's decision to decline to entertain or grant Appellants' first Rule 60 motion was a procedural ruling and not a final determination on the merits, which precluded this Court from hearing an appeal on the decision. *Id.* (internal citations omitted).

On April 9, 2010, when their appeal was no longer pending, Appellants filed a second "Rule 60 Motion" with the Trial Court. (Doc. 1 at 19). On August 26, 2010, the Trial Court found that Appellants' second "Rule 60 Motion" also failed to contain any evidence which would cause the Trial Court to overturn its March 9, 2009 final judgment of Appellants' adversary case. (*Id.* at 21). On September 7, 2010, the Trial Court entered a signed order denying Appellants' "Rule 60 Motion." (Doc. 11 App. 2).

On September 8, 2010, Appellants filed a third appeal with this Court alleging the Trial Court abused its discretion in denying their second "Rule 60 Motion" and further alleging the Trial Court abused its discretion under Rule 60(a),(c), and (d). (Doc. 1 at 12); (Doc. 8 at 6).

## II.   LEGAL STANDARD

District courts "have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1) (2006). "Denials of motions to vacate [a] judgment under Rule 60(b) are appealable as final orders under 28 U.S.C. § 1291." *Jeff D. v. Kempthorne*, 365 F.3d 844, 850 (9th Cir. 2004).

This Court reviews the "denial of a Rule 60(b) motion for an abuse of discretion and will reverse 'only upon a clear showing of abuse of discretion.'" *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citing *Molloy v. Wilson*, 878 F.2d 313 (9th Cir. 1989)); *see also Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987) (the

1  standard of review for a Rule 60(a) motion is also abuse of discretion). "A bankruptcy court
2  abuses its discretion if it bases its ruling upon an erroneous view of the law or a clearly
3  erroneous assessment of the evidence." *In re Wylie*, 349 B.R. 204, 208 (9th Cir. BAP 2006)
4  (internal citations omitted). "Findings of fact are reviewed for clear error and questions of
5  law are reviewed de novo." *Id.* (citing *In re Kelley*, 300 B.R. 11, 16 (9th Cir. BAP 2003);
6  *see also Earth Island Inst. v. U.S. Forest Serv*., 442 F.3d 1147, 1156 (9th Cir. 2006)).

7  **III.    ANALYSIS**

8  In reviewing the case this Court agrees with the determination of the Trial Court, and
9  finds that Appellants have failed to show that relief under Rule 60 is warranted.

10  Under the Local Rules of Bankruptcy Appeal Procedure there is no description of
11  precisely what a brief for an appeal must contain. Accordingly, Local Rule 8018-1 applies
12  and the Rules of the United States Court of Appeals for the Ninth Circuit control what
13  Appellants' briefs must contain. *See* LRBankr 8018-1; Fed.R.App.P. 28(a).

14  Appellants' brief must have "a statement of the issues presented for review."
15  Fed.R.App.P. 28(a)(5). Appellants appear to make six distinct claims under Rule 60 in their
16  brief. Appellants contend that relief is warranted because the Trial Court abused its
17  discretion for the following reasons: (1) by barring consideration of Appellants' Rule
18  60(b)(1)–(3) reasons for relief due to timing, in accordance with Rule 60(c); (2) by not
19  correcting any mistakes in the final judgment caused by oversight or omission under Rule
20  60(a); (3) by not overturning the final judgment because it had inadvertently accepted
21  testimony or summary evidence containing no source documents under Rule 60(b)(1); (4)
22  by not overturning the final judgment due to newly discovered evidence under Rule 60(b)(2);
23  (5) by not overturning the final judgment due to Appellants' allegation of adversary
24  misconduct under Rule 60(b)(3); (6) and by not overturning the final judgment because the
25  judgment was obtained through fraud on the court under Rule 60(d)(3). (Doc. 8 at 6-7).

26  Because this is the extent of the issues Appellants have specifically outlined and
27  sought to explain, these are the sole issues this Court will address. Appellants briefly make
28  a claim for a due process violation by the Trial Court (*Id.* at 9), but at no time do Appellants

explain that claim. Accordingly, with respect to the due process issue, this Court affirms the decision of the Trial Court and finds Appellants were not denied their right to due process.

### A.     Timing of Appellants' Rule 60(b) Motion

First, Appellants contend that the Trial Court abused its discretion by not considering their asserted grounds for relief under Rule 60(b)(1)–(3) due to the timing of Appellants' motion, in accordance with Rule 60(c)(1). Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time– and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The final judgment in this case was entered on March 9, 2009, and Appellants' second "Rule 60 Motion" was filed on April 9, 2010– more than a year after the entry of the final judgment. In denying Appellants' second "Rule 60 Motion" the Trial Court stated that the "motion was not filed within the one year deadline set by the Rule and, therefore, movants can only request relief under subsection 4-6." (Doc. 1 at 20). Appellants contend that their second "Rule 60 Motion" was timely under *Canadian Ingersoll-Rand Co. v. Peterson Products of San Mateo, Inc*., 350 F.2d 18, 27 (9th Cir. 1965). (Doc. 8 at 8).

In *Canadian*, the appellants lost their case in the trial court on January 6, 1964, and appealed that final judgment. 350 F.2d at 19, 28. While the appeal was pending appellants filed a Rule 60(b)(2) motion with the trial court within the one year requirement of Rule 60(c). *Id.* at 19. At the same time appellants moved for the trial court to issue an order indicating it would entertain their Rule 60(b)(2) motion if the Ninth Circuit would remand their appeal for that purpose. *Id.* The trial court denied this motion for an order, and did not act upon the Rule 60(b)(2) motion because it was without jurisdiction to do so due to the pending appeal. *Id.* at 27. Appellants filed a motion for a rehearing, which the trial court also denied. *Id.* at 19. Appellants then appealed both of these denials by the trial court. *Id.* The Ninth Circuit consolidated the three appeals, and dismissed the two appeals dealing with the Rule 60(b)(2) motion because they were interlocutory. *Id.* at 27. In denying appellants' appeal of the final judgment, the Ninth Circuit stated that the dismissals of the motions regarding appellants' Rule 60(b)(2) motion do "not mean that appellants have been deprived

1  of an adjudication of their Rule 60(b) motion. That motion was timely filed and if appellants
2  find any virtue in pursuing it . . . they are free to do so following the final disposition of [the]
3  appeal [of the final judgment]." *Id.* at 28. The disposition of the appeal of the final judgment
4  was made on June 29, 1965, approximately eighteen months after the final judgment. *Id.* at
5  19, 28.

6  In this case, on November 24, 2009, in deciding Appellants' first appeal, this Court
7  affirmed the March 9, 2009 final judgment of the Trial Court. On March 22, 2010, in
8  deciding Appellants' second appeal, this Court dismissed Appellants' appeal of the Trial
9  Court's dismissal of their first Rule 60 motion. Appellants' first Rule 60 motion was timely
10 filed on September 16, 2009, but Appellants' second "Rule 60 Motion," was not timely filed.
11 This Court acknowledges that the facts of *Canadian* when applied to the case at hand are
12 ambiguous and may suggest that Appellants' did not foreclose their chance to seek relief
13 under Rule 60(b)(1), (2), and (3).

14 Notwithstanding the Trial Court's procedural decision to disallow Appellants to
15 request relief under Rule 60(b)(1)-(3), the Trial Court still addressed the merits of
16 Appellants' requests for relief under Rule 60(b)(1)-(3). The Trial Court stated, "even
17 assuming all of the six grounds under the rule were still available to these defendants, the
18 court is firmly convinced that there is nothing in the motion warranting any relief." (Doc.
19 1 at 20-21). The Trial Court then went on to specifically address Appellants' allegations of
20 adversary misconduct (60(b)(3)) and newly discovered evidence (60(b)(2)). (*Id.* at 21).

21 Accordingly, Appellants have not shown by clear and convincing evidence that the
22 Trial Court abused its discretion and failed to review their requests for relief under Rule
23 60(b)(1)-(3). Moreover, this Court has considered the merits of the appeal of the claims
24 made under these sections and will address each as well.

25 **B.     60(a)- Oversight or omission**

26 In Appellants' next claim, Appellants appear to contend that the Trial Court was
27 mistaken in its Findings of Fact and Conclusions of Law due to "oversight, omission and
28 inadvertence according to FRCP 60 (a) and (b) 1 [sic]." (Doc. 8 at 9).

- 6 -

"An appeal from an order denying relief under Rule 60(a) implicates only the propriety of that denial, and not the underlying merits of the contested judgment itself." *Federal Practice & Procedure - CIVIL RULES: 2010 Quick Reference Guide*, Vol. 12B, at 941 (2010) (internal footnotes omitted).  Appellants seem to combine Rule 60(a) and (b)(1) into one claim.  (*See* Doc. 8 at 6, 9).  The Federal Rules of Civil Procedure separates the two grounds for relief because they are distinct from each other.

Mistakes under Rule 60(a)[3] are "clerical mistakes" or "mistakes arising from oversight or omission."  The focus of Rule 60(a) is "on what the court *originally intended* to do." *Blanton*, 813 F.2d at 1576.  The basic distinction between mistakes under Rule 60(a) and mistakes under Rule 60(b)(1), is that the mistakes under Rule 60(a) are not factual or legal and deal with the intent of the trial court.[4]  *Id.*

Appellants' allegations are based on the Findings of Fact and Conclusions Law.  Accordingly, Appellants' assertions are properly addressed by Rule 60(b)(1) and not Rule 60(a).

**C.     60(b)(1)– Mistake, inadvertence, surprise, or excusable neglect**

Appellants claim that the Trial Court mistakenly based its final judgment on erroneous facts in the trial evidence.  (*See* Doc. 8 at 9).

Rule 60(b)(1) provides that "on motion . . . the court may relieve a party . . . from a final judgment . . . for . . . . mistake, inadvertence, surprise, or excusable neglect."  Mistakes under this rule "consist of instances where the court *changes its mind*, either because it made

---

[3] Rule 60(a) provides in part:
Corrections Based on Clerical Mistakes; Oversights and Omissions.  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own.

[4] "Where the judgment, as entered, fails to reflect the original intention of the court, the error can be corrected with Rule 60(a).  Conversely, where the judgment was entered accurately, but ought to have been done differently, Rule 60(a) does not apply.  Rule 60(a) errors are minor and ministerial ones, not substantively factual or legal." *Federal Practice & Procedure - CIVIL RULES: 2010 Quick Reference Guide*, Vol. 12B, at 939 (2010) (internal footnotes omitted).

- 7 -

a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Blanton*, 813 F.2d at 1576 n.2. Rule 60(b)(1) "permits relief when the [trial court] [has] made a substantive error of law or fact in the [sic] its judgment or order." *Federal Practice & Procedure - CIVIL RULES: 2010 Quick Reference Guide*, Vol. 12B, at 942 (2010) (internal footnotes omitted).

Under the Federal Rules of Appellate Procedure, Appellants' arguments in their brief must contain their "contentions and the reasons for their [arguments], with citations to the authorities and parts of the record on which the appellant[s] rel[y]; and for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)." Fed.R.App.P. 28(a)(9)(A)-(B).

Appellants' explanations of how the Trial Court erred[5] are unsubstantiated statements. (*See, e.g.*, Doc. 8 at 16 ("First, the BK is mistaken [sic] by the Appellee by misleading the court regarding the NAHASDA grant money was [sic] for all the construction work on this project.")). Where Appellants do explain their reasoning they do not cite an authority or legal standard for their position. (*See, e.g.*, *id.* at 17 (seeking to explain that the Trial Court erred "by allowing the Appellee to breach the contract between FDHC and the Appellants regarding the mortgage obligation" previously discussed in Appellants' brief.)). When Appellants do cite the record, it is in place of explaining an argument. (*See, e.g.*, *id.* (Appellants assert only that "[a]dditional mistakes or errors, that the [Trial Court] did not consider, was the deposition and testimony of the FDHC's CEO and board members that confirmed that mortgage financing was necessary to complete this project. (See exhibit 17 pages 102 and 103 and exhibit 18 pages 83 and 86)" without further explanation.)); (*see also id.* at 18 (Appellants state only that "[t]he [Trial Court] erred by not considering the statutes

---

[5] Appellants contend that Findings of Fact 62 and 65 with regard to the Chilchinbeto project, Finding of Fact 54 with regard to the Shiprock project, and conclusion of law 3 and 4 with regard to Wire Transfers, are in error. (Doc. 8 at 15-18).

- 8 -

[sic] of limitations that is outlined in the motion filed April 9, 2010 to the [Trial Court].")). There is no explanation of what the record shows and how it advances Appellants' argument. Citing to the record in place of explaining an argument subverts the page limit requirements of briefs. *See* LRBankr 8010-2 (limiting initial briefs to 17 pages and reply briefs to 11 pages).

As the Trial Court concluded, Appellants' brief is the "interpretation and/or view of the conclusions to be drawn from the evidence presented at trial." (Doc. 1 at 20). This does not meet the demanding standard for relief required under Rule 60(b)(1).

### D.     60(b)(2)– Newly discovered evidence

Appellants next claim that the Trial Court abused its discretion by not overturning its judgment due to newly discovered evidence. (Doc. 8 at 15-16).

Rule 60(b)(2) provides for relief when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Newly discovered evidence: 1) must be newly discovered since trial, 2) must not be merely cumulative or impeaching, 3) must be material, and 4) in view of this new evidence, a new trial would probably produce a different result. *Federal Practice & Procedure - CIVIL RULES: 2010 Quick Reference Guide*, Vol. 12B, at 944 (2010) (internal footnotes omitted). "These requirements are strictly enforced. If the movant fails to meet any of these prerequisites, the Rule 60(b)(2) motion may be denied. Relief under this category is considered an 'extraordinary remedy' to be granted only in exceptional circumstances." *Id.*

The Trial Court found that a significant number of the extensive documents Appellants' proffered in support of their motion were not newly discovered and were in evidence at trial. (Doc. 1 at 21). Thus, the Trial Court concluded Appellants' Rule 60(b)(2) Motion failed the first requirement. This Court agrees.

Specifically, Appellants have not shown that the evidence they claim is newly discovered was not a part of available evidence at trial. Further, Appellants have not shown that this "new" evidence is more than cumulative or impeaching, material, or how it would

- 9 -

1 produce a different result if a new trial were conducted. Thus, Appellants have not met the
2 high standard required for relief under this rule.

### E.   60(b)(3)– Adversary misconduct

Appellants allege fraud on the court but conflate their claims under Rule 60(b)(3) and 60(d)(3). Appellants claim that there was fraud on the court because attorneys for Appellee committed perjury by giving false statements to the court (Doc. 8 at 10, 13), Appellee withheld evidence (*Id.* at 11, 14), and Appellee's attorney conspired with witnesses to commit perjury (*Id.* at 12).

Rule 60(b)(3) states that "fraud . . . , misrepresentation, or misconduct by an opposing party" may serve as grounds for relief from a final judgment. To prevail on a motion under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citing *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (citing *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987)). Furthermore, Rule 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (citing *Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

Considering all frauds other than fraud on the court, which in this case includes only Appellants' allegation that Appellee withheld evidence (Doc. 8 at 11, 14), Appellants have failed to show clear and convincing evidence that the Trial Court's denial of their Rule 60 Motion was unfairly obtained. Specifically, Appellants argument is a series of unsubstantiated statements about Appellee's actions which make no discernable legal argument that the Trial Court abused its discretion in determining that Appellee did not withhold evidence.

Appellants allege, for example, that "[t]his withheld evidence, the bank accounts and

- 10 -

check registers of FDHC, undeniably proves that prior to the Appellee's take over that FDHC had over $655,000.00 cash in its accounts." (Doc. 8 at 14). Additionally, Appellants allege, "These records also clearly show that FDHC was current in all management operational cost including current in its debt service." (*Id.*) There is no cite to the record or authority upon which Appellants rely to support these claims and others like them throughout their argument. The only authority Appellants cite is "See In the Matter of . [sic] Goodwin, 279 S.C. 274 . . . (1983) (attorney has an ethical duty not to perpetrate a fraud upon the court by knowingly presenting perjured testimony)." (*Id.*) Not only has this case been superseded as a matter of law, but Appellants use it as a definitive statement of their argument and not as legal support for the facts of their case upon which they rely.

Accordingly, this Court affirms the decision of the Trial Court with respect to Appellants' Rule 60(b)(3) claim.

### F.    60(d)(3)– Fraud on the court

Appellants' final contention is that the Trial Court abused its discretion in finding that fraud on the court had not been committed. In parsing Appellants' allegations, the claims that fall under this ground for relief are Appellants' accusations that Appellee's attorney committed perjury by giving false statements to the court (Doc. 8 at 10, 13), and Appellee's attorney conspired with witnesses to commit perjury. (*Id.* at 12).

Fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Appling v. State Farm Mut. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (citation omitted). It requires a "grave miscarriage of justice," *Id.* (citation omitted), and "must be proven by clear and convincing evidence." *Federal Practice & Procedure - CIVIL RULES: 2010 Quick Reference Guide*, Vol. 12B, at 955 (2010) (internal footnotes omitted).

In determining whether the Trial Court abused its discretion, this Court agrees with the Trial Court's findings that Appellants' accusations are again a series of unproven

1. statements. Appellants citations to the record of alleged inconsistencies do not persuasively
2. portray a grave miscarriage of justice and do not meet the clear and convincing standard of
3. proof required by Rule 60(d)(3). Appellants cite numerous cases to support their position
4. but do not explain how a single case is factually similar to their own. (*See, e.g.*, Doc. 8 at 10
5. (stating only "[t]his case and the actions by the Appellee mirrors that of Qualcomm Inc. v.
6. Broadcom Corp 2008 U.S [sic] Dist. Lexis 911 (S.D. Calif. 2008).")). Each authority cited
7. is a statement on what the court should do in light of fraud being committed on the court.
8. (*See, e.g.*, *id.* at 14 (citing "Chewing v. Ford Motor Co. at 82, 579 S.E.2d at 610 [sic] ('The
9. subornation of perjury by an attorney and/or the intentional concealment of documents by
10. an attorney are actions which constitute extrinsic fraud.')")). Appellants have failed to prove
11. that fraud actually has been committed on the court or that the Trial Court abused its
12. discretion in denying relief.

**IV.   CONCLUSION**

Accordingly,

IT IS ORDERED that, as to the appeal of Aubrey and Todd, the decision of the bankruptcy court is AFFIRMED.

IT IS FURTHER ORDERED that this Order shall serve as the mandate in this case.

DATED this 27th day of April, 2011.

James A. Teilborg
United States District Judge